## Commonwealth v. Dakich.

*Criminal law—Arrest, search and seizure without warrant—Arrest on Sunday—Breach of the peace.*

1. Where police officers see an automobile standing in the public highway at 2 A. M. without lights, they are justified in stopping and asking the driver to show his cards, and if, in making such request, they detect the odor of intoxicating liquor, they have reasonable cause to believe that the vehicle is engaged in the unlawful transportation of intoxicating liquor in their presence and have the right to arrest, search and seize without warrant.

2. It is a breach of the peace to have an automobile standing on the public highway at 2 A. M. without lights operating on it and filled with thirteen cans of intoxicating liquor.

Statutory demurrer. Q. S. Dauphin Co., June Sess., 1924, No. 48.

*E. E. Beidleman* and *Robert Stucker*, for rule.

*E. Leroy Keen*, Assistant District Attorney, contra.

Fox, J., Nov. 3, 1924.—This matter comes before us upon a rule granted upon the petition of the defendant.

The petition in substance avers that, on Sunday, May 4, 1924, at 2 o'clock A. M., the defendant, while seated in an automobile in or about Chambers and Second Streets, in the Borough of Steelton, Dauphin County, Pennsylvania, was accosted by several State policemen, and after a conversation between them, the said policemen arrested the petitioner, seized the Gardner automo-

bile in which he was with thirteen cans alleged to, contain intoxicating liquor and placed him in the Dauphin County Prison; that at the time of his arrest and the seizure and confiscation of the said automobile and intoxicating liquor he was not committing any breach of the peace nor any other violation of law which would authorize any one to arrest him and take him into custody and seize his automobile and the contents thereof; that the policemen arrested him without warrant or any process of law whatever and without search warrant or authority to seize the automobile and the liquor; that at the time of the arrest the State policemen had no knowledge, suspicion or reasonable or probable cause to suspect, nor reason to believe, that the automobile which was then in the charge of the petitioner had intoxicating liquors therein, and, therefore, his arrest and detention and the confiscation of the automobile and liquors were without authority of law..

The answer to the petition in substance admits that the officers had no warrant to arrest and to search, but that they suspected, and had probable cause to suspect, that defendant was violating the law pertaining to the possession and transportation of intoxicating liquor, for the reason that on Sunday morning, at two o'clock, the officers saw an automobile without lights standing on Second Street, neither in the middle nor along the curb, but between those points of the street in or near the Borough of Steelton; that, when approaching it, they saw the defendant was asleep at the wheel; that the officers awakened him, asked him to show his card, and that they then smelled the odor of moonshine liquor or alcohol in or about the automobile, and more particularly towards the rear thereof; that the search was then made and that the intoxicating liquor was found, some of it having leaked out of the cans in which it was contained and saturated the bags or burlap in which the cans were placed in the automobile.

Depositions were taken in the case and they show that on May 4, 1924, at 2 o'clock A. M., which day was Sunday, the defendant was asleep in the automobile, which was standing on Second Street near Chambers, in or near the Borough of Steelton, with no lights in operation upon it; that the officers saw this and walked over for the purpose of ascertaining whether or not the occupant of the automobile had his license cards, and thereupon smelled the odor of alcoholic liquor emanating from the automobile, whereupon they made a search of it and found the thirteen cans of intoxicating liquor in the vehicle.

The question raised is, were the arrest of the petitioner and seizure of the liquor and automobile lawful?

In the case of Com. *v.* Rubin, 82 Pa. Superior Ct. 315, it was held that: "Where an officer believes from his own observation, and has reasonable and probable cause to believe, a vehicle is engaged in unlawful transportation in his presence, he may arrest, search and seize without a warrant."

We think this is applicable to this case. The officers saw an automobile standing on the public highway, at two o'clock in the morning, without lights operating thereon. We think they were justified in stopping and asking the driver for his cards under these circumstances, for the reason that an automobile, standing on the public highway at two o'clock in the morning, without lights so as to give other users of the highway notice of its being there, is a danger to the public using the highway, and if in making a request for the cards of the driver the officers detected the odor of alcoholic liquor, they had reasonable and probable cause to believe that the vehicle was engaged in the unlawful transportation of intoxicating liquor in their presence. Under the above-cited authority they had the right to arrest, search and seize without warrant.

The contention that the arrest, search and seizure having been made on Sunday is unlawful because of the provision of the Act of 1705, 1 Sm. Laws, 25, is not well grounded. Paragraph 4 of the act reads as follows: "No person or persons upon the first day of the week shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in case of treason, felony or breach of the peace."

In the case of Com. *v.* Kekic, 26 Dauphin Co. Reps. 148, 3 D. & C. 273, we said: "He had no power under the common law as an officer to make an arrest without a warrant for any offences less than a felony, with the single exception, for a breach of the peace."

"The term breach of the peace is generic and includes all violations of such peace or order or acts tending to the disturbance thereof:" 5 Cyc., 1024.

"Breaches of the peace generally manifest themselves by some outward visible, audible or violent demonstration, not from quiet, orderly and peaceable acts secretly done, though such acts may be *mala prohibita:*" 8 Ruling Case Law, 285.

We think that it is a breach of the peace to have an automobile standing, as this one is alleged to have been, on the public highway at two o'clock in the morning without any lights operating on it and filled with thirteen cans of intoxicating liquor. It is a violation of peace or order because it tends to the disturbance of peace or order, although it be not a violent demonstration.

Wherefore, we are of the opinion that the defendant was properly arrested, the search of the automobile was lawfully made and the intoxicating liquor contained therein rightly taken into the possession of the law, and that the officers who acted in connection therewith may testify and that the evidence should not be suppressed.

And now, Nov. 3, 1924, upon due consideration, the rule is discharged.

From Sidney E. Friedman, Harrisburg, Pa.